# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

Sheena Brannon, Shane Stencil, Tina Sullivan, and Brandon Beaty, Appellants,

v.

Henry Dargan McMaster, in his official capacity as Governor of the State of South Carolina, and G. Daniel Ellzey, in his official capacity as the Director of the South Carolina Department of Employment and Workforce, Respondents.

Appellate Case No. 2021-000883

―――――――

Appeal from Richland County
R. Lawton McIntosh, Circuit Court Judge

―――――――

Opinion No. 28065
Heard October 4, 2021 – Filed October 13, 2021

―――――――

**AFFIRMED**

―――――――

Adam Protheroe and Susan B. Berkowitz, of South Carolina Appleseed Legal Justice Center; and John D. Kassel, of Kassel McVey, all of Columbia, for Appellants.

Rebecca Laffitte, Robert E. Tyson, Jr., and Vordman Carlisle Traywick, III, of Robinson Gray Stepp & Laffitte, LLC, all of Columbia, for Respondents Henry Dargan McMaster and G. Daniel Ellzey; Todd Timmons and Steven Jordan Jr., all of Columbia, for Respondent G. Daniel Ellzey; and Michael G. Shedd, Thomas A.

Limehouse, Jr., and William Grayson Lambert, all of Columbia, for Respondent Henry Dargan McMaster.

Jack E. Cohoon, of Burnette Shutt & McDaniel, P.A., of Columbia, for amici curiae South Carolina Small Business Chamber of Commerce, American Sustainable Business Council, Shriver Center on Poverty Law, National Employment Law Project, Economic Policy Institute, and William E. Spriggs.

Christopher E. Mills, of Spero Law, LLC, of Charleston, for amici curiae South Carolina Chamber of Commerce, South Carolina Restaurant and Lodging Association, Chamber of Commerce of the United States of America, and National Federation of Independent Business Small Business Legal Center.

---------

**PER CURIAM:** Respondent Governor Henry McMaster instructed Respondent G. Daniel Ellzey, Director of the South Carolina Department of Employment and Workforce (DEW), to end South Carolina's participation in federal unemployment insurance programs created under the Coronavirus Aid, Relief, and Economic Security (CARES) Act.[1]  Appellants brought this action challenging the legality of the Governor's decision and moved for a preliminary injunction requiring Respondents to reenroll in the programs.  Respondents moved to dismiss the action pursuant to Rule 12(b)(6), SCRCP.  The circuit court granted Respondents' motion and denied Appellants' motion for injunctive relief.  We affirm the circuit court.

As part of the CARES Act it enacted in March 2020 in response to the pandemic, Congress created various temporary economic benefits, including new unemployment insurance programs.  Three of those programs are at issue in the present case: (1) Pandemic Unemployment Assistance (PUA), 15 U.S.C. § 9021; (2) Pandemic Emergency Unemployment Compensation (PEUC), 15 U.S.C. § 9025; and (3) Federal Pandemic Unemployment Compensation (FPUC), 15 U.S.C. § 9023 (collectively, Programs).  Participation in the Programs is discretionary, and states may withdraw from the Programs with at least thirty days' advanced notice to the Department of Labor.  *See, e.g.*, 15 U.S.C. §§ 9023(a) & 9025(a)(1).  In contrast to

---

[1] 15 U.S.C. §§ 9001-9141.

state unemployment insurance programs, the federal government provides the funds from the general fund of the United States Treasury for paying benefits to claimants under the Programs. *See, e.g.*, 15 U.S.C. § 9023(d)(3).

South Carolina agreed to participate in and accept federal funds available pursuant to the Programs. However, on May 6, 2021, Governor McMaster ordered the director of DEW to withdraw from the Programs effective June 30, 2021. Appellants argue Governor McMaster did not have the authority to do so because section 41-29-230(1) of the South Carolina Code (2021) provides that DEW shall cooperate with the Secretary of Labor in a manner that required the State to accept and disburse funds from the Programs until they expired. Section 41-29-230(1) provides:

> In the administration of Chapters 27 through 41 of this title, [DEW] must cooperate with the United States Secretary of Labor to the fullest extent consistent with the provisions of these chapters, and act, through the promulgation of appropriate rules, regulations, administrative methods and standards, as necessary to secure to this State and its citizens *all advantages available under the provisions of the Social Security Act* that relate to unemployment compensation, the Federal Unemployment Tax Act, the Wagner-Peyser Act, and the Federal-State Extended Unemployment Compensation Act of 1970.

(emphasis added).

Appellants contend benefits paid under the Programs are "advantages available under" the Social Security Act (SSA).[2] Therefore, Appellants argue, DEW must continue to participate in the Programs until the Programs expire. Respondents claim benefits paid pursuant to the Programs are not "advantages available under" the SSA. In granting Respondents' motion to dismiss, the circuit court found,

> The benefits provided under the CARES Act are new benefits, never previously available to unemployed workers, and are provided by legislation separate and apart

---

[2] 42 U.S.C. §§ 301-1397.

from the [SSA]. Although the federal government chose to use the funding mechanisms available through the Social Security Administration, that does not mean these new benefits fall under the [SSA]. It simply shows Congress used an existing mechanism to put [the Programs] into place quickly.

We affirm the circuit court. Section 41-29-230(1) is unambiguous and clear on its face. The only connection the Programs have to the SSA is that the funds to be distributed to recipients pass through bank accounts of the Social Security Administration. This is not sufficient to render benefits paid under the Programs to be "advantages available under the provisions of the [SSA]." To construe section 41-29-230(1) otherwise would be to expand the scope of an unambiguous statute beyond the manifest intent of the legislature.[3] *See Town of Mt. Pleasant v. Roberts*, 393 S.C. 332, 342, 713 S.E.2d 278, 283 (2011) (explaining that under the plain meaning rule, this Court has no right to search for or impose another meaning or resort to subtle or forced construction to change the scope of a clear and unambiguous statute); *see also S.C. Pub. Int. Found. v. Calhoun Cnty. Council*, 432 S.C. 492, 497, 854 S.E.2d 836, 838 (2021) (noting the primary rule of statutory construction is to ascertain and give effect to the intent of the General Assembly).

**AFFIRMED.**

**BEATTY, C.J., KITTREDGE, HEARN, FEW and JAMES, JJ., concur.**

---

[3] Based on our holding that section 41-29-230(1) is inapplicable to the CARES Act, we deny Appellants' motion to supplement the record as moot. Further, because we hold the Programs do not fall within the ambit of section 41-29-230(1), we do not reach the question of whether the Governor would have had discretion under the CARES Act to withdraw the state from participation if the Programs *did* fall within the ambit of this section.